# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| E.T. PRODUCTS, LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 2:13-CV-424-PPS-PRC |
| | ) | |
| D.E. MILLER HOLDINGS, INC., *et al.*, | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff, E.T. Products, LLC's Motion for Entry of Protective Order [DE 42], filed on July 3, 2014. Defendants filed a response on August 4, 2014, and Plaintiff filed a Reply on August 11, 2014. On August 27, 2014, this Court issued a minute order taking the motion under advisement and setting it for a hearing to clarify what the parties understood the terms "trade secret" and "confidential information" to mean. The hearing took place on September 18, 2014. At that hearing, the Court directed the parties to file a stipulation as to their understanding of the terms "confidential information" and "trade secret" as it related to the proposed protective order. The parties filed a stipulation on September 26, 2014.

This case centers on a dispute about whether Defendants engaged in unlawful competition by breaching non-compete clauses they allegedly agreed to. The parties agree that a protective order is warranted, but disagree about whether the order should include a provision allowing parties to designate discovery documents containing trade secrets as being for attorney eyes only. Plaintiff wants this; Defendants do not.

Plaintiff contends that there are two reasons why Defendants should not be able to look at Plaintiff's trade secrets. First, Plaintiff contends that an attorney-eyes-only provision is warranted because Plaintiff does not trust Defendants to handle the information properly, given the alleged collusion between Defendants and one of Plaintiff's competitors. Second, Plaintiff represents that an attorney-eyes-only provision is in force in a related state-court case involving the same competitor Defendants are alleged to have colluded with. Plaintiff represents that the state-court order remains in effect and that certain documents that would be responsive to Defendants' discovery requests in this case are already designated as being for attorney eyes only in that case. According to Plaintiff, these documents could therefore not be disclosed without first amending the related state-court protective order.

Defense counsel objects that an attorney-eyes-only designation would unfairly prejudice his clients, who could be cross-examined about documents they had never seen before. In addition, Defendants represent that they have not retained an expert and that defense counsel, who is not an expert in the fuel-additive industry, which is integrally related to this case, would not be able to prepare effectively without discussing these documents with his clients. Rather than designate documents containing trade secrets as for attorney eyes only, Defendants propose that they would agree to not discuss or share in any manner any trade secret or confidential information with any outside parties.

Under the Federal Rules of Civil Procedure, parties are entitled to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevant information is defined broadly and need not be admissible at trial, as long as it is reasonably calculated to lead to admissible evidence. *Id.*

Nevertheless, Federal Rule of Civil Procedure 26(c)(1) provides that courts may issue protective orders limiting discovery for good cause. Fed. R. Civ. P. 26(c)(1). Rule 26(c)(1) "essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding 'annoyance, embarrassment, oppression, or undue burden or expense . . . .'" *Id.* at 554. Potential limits include specifying the terms of discovery, forbidding inquiry into certain matters, limiting the scope of discovery, and "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *Id.* The Court has discretion in deciding when a Protective Order is appropriate and what degree of protection is required. *Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003). And "it is not uncommon for courts to limit trade secrets to attorneys' eyes only in protective orders." *Directory Concepts, Inc. v. Fox*, 1:08-CV-225, 2008 WL 5263386, at *7 (N.D. Ind. Dec. 16, 2008) (citing *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 249 (S.D. Ind. 2001); *Autotech Technologies Ltd. P'ship v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 445 (N.D. Ill. 2006) (collecting cases)).

The party seeking the protective order has the burden of showing that good cause exists for it. *Id.* "In order to establish that information should be subject to a protective order, the party seeking protection bears the burden of establishing: (1) that the information is in fact a trade secret or confidential commercial information and (2) that there is good cause to protect the information." *Culinary Foods, Inc. v. Raychem Corp.*, 151 F.R.D. 297, 300 (N.D. Ill. 1993).

In light of the sensitivity of the trade-secret information (discussed and defined below), the alleged relationship between Defendants and one of Plaintiff's competitors, and the strictures of the state-court protective order, the Court agrees that an attorney-eyes-only provision is an appropriate way to protect Plaintiff's trade secrets. Defendants should nevertheless not be taken

by surprise by being asked questions about this information at a deposition or at trial. Accordingly, in addition to the provisions laid out below, the Court orders Plaintiff to notify Defendant's attorney, at least five business days before any deposition or trial testimony of its intent to question a Defendant about any attorney-eyes-only material. After receiving notice, Defense counsel may show the trade-secret information to his client and discuss it.

In light of all this, the Court **FINDS** that Plaintiff has shown good cause for an entry of a protective order. The Court accordingly **GRANTS** E.T. Products, LLC's Motion for Entry of Protective Order [DE 42] and **ORDERS** as follows.

1. If any party produces documents, things, or testimony deemed by that party to be confidential or proprietary, the documents or tangible things will be conspicuously marked "**CONFIDENTIAL**" and the testimony will be so noted in the record by counsel for the testifying witness. Once designated, the testimony, document, or thing identified as confidential (referred to as "**Protected Material**"), may be used by any party for any appropriate purpose at trial or other hearing, subject to routine evidentiary objections, if any, and for any legitimate purpose during discovery, but such Protected Material must be handled as outlined in this Order until further Order of the Court.

2. Except as provided below, Protected Material shall not be shown to, discussed with, or otherwise disclosed to any person other than to:

   a. Outside attorneys for the parties and regular employees of such attorneys assigned to and necessary to assist in this action;

   b. The parties or their officers, directors and employees, to the extent necessary for the conduct of this action;

   c. Bona fide consultants and experts who are not employees or agents of a party or direct competitors of a party, to the extent necessary for the conduct of this action;

d. Deponents noticed by the parties, to the extent necessary for the conduct of this action; and

e. Deposition and trial court reporters.

3. Before Protected Material is shown to any such persons, they must be advised of this Order and its protections, and the persons enumerated in categories (c), (d) and (e) of Section 2 must be provided with a copy of this Order and acknowledge in writing their agreement to be bound by it.

4. All Protected Material produced or provided in the course of this litigation shall be used solely for the purpose of preparing for trial and the actual trial of this litigation and for no other purposes whatsoever, and shall not be disclosed to anyone except in accordance with the terms of this Order. Within sixty days after the conclusion of this litigation, Protected Material and any copies of it must be returned to the producing party.

5. Any documents produced subject to the terms of this Protective Order shall be considered either **"CONFIDENTIAL"** or **"ATTORNEYS' EYES ONLY"** and shall be given confidential treatment as described below. All documents produced subject to this Protective Order shall be designated or stamped **"CONFIDENTIAL"** or **"ATTORNEYS' EYES ONLY."**

6. In designating materials, the parties will designate only those portions of materials that fall within the specific, demarcated categories of materials identified below. Notwithstanding any other provisions of this Order, if materials or documents also contain information that does not fall within the specific, demarcated categories of materials, the parties will redact only the portions of those materials that fall within the specific, demarcated categories of materials.

7. In designating materials, the parties will act in good faith to comply with this Protective Order.

8. Information designated as **"CONFIDENTIAL"** means the following non-public information:

> (a) "Non-Party Private Information" defined as home addresses, telephone numbers, internet addresses, social security numbers, and tax or banking information of non-parties, as well as information regarding the non-parties' contracts, pricing, discounts, and advertising budgets and expenditures, which could be viewed by the customers' competitors in the marketplace.
>
> (b) Documents that were marked as "Confidential" and exchanged during the underlying litigation in Marshall County, Indiana, and still subject to that court's protective order.

9. Public disclosure of Non-Party Private Information would risk unnecessary annoyance or embarrassment of non-parties, would unfairly and gratuitously invade the privacy of non-parties, would subject non-parties to the possibility of identity theft, and would strain the business relationships the parties have with such non-parties (as the disseminator of their private information).

10. Information designated as **"ATTORNEYS' EYES ONLY"** means the following non-public information:

(a) "Trade Secrets" defined as the following categories of information:

> (i) "Customer Proprietary Information" including, but not limited to 1) custom pricing lists and discounts, 2) sales invoices, 3) billing amounts for customers, 4) sales practices, 5) its customers' policies and procedures; 6) its customers' preferences, 7) customer lists, 8) contact lists, 9) written and/or electronic information regarding specialized needs and requirements of customers, 10) written and/or electronic information regarding the needs and requirements of customers, and 11) internal company forms.
>
> (ii) "Client Database Information" defined as those databases, including, but not

limited to "MAS90," "Saleslogix," and updated or replacement database programs that manage information associated with clients, prospects, and vendors, which includes information such as company name; contact's name, title, department, telephone and facsimile numbers, postal and e-mail address, and web site; notes; history; and secondary contact information.

(iii) "Research and Development Information" defined as all data regarding product formulations, changes, research, and development of products.

(iv) "Manufacturer/Distributor Information" defined as all data concerning the terms and conditions of any manufacturer and/or distributor agreements with third parties governing the purchase, distribution and/or sale of products

(v) "Financial Information" defined as revenue and expense figures, compensation plans, tax and/or banking information, information on investors, stockholders, sales and profit margins, gross, net, and profit figures.

(vi) "Marketing and Sales Information" defined as all data concerning current and future business development, marketing plans, reports, studies, and internal sales training information and materials.

(b) "Highly Confidential Business Information" defined as identities, street addresses, telephone numbers, and internet addresses of customers; customer preferences and purchasing habits; point or contact persons through which sales have been made; and data quantifying sales, discounts, sales order timing, costs and/or pricing, and the value of orders by the parties' customers.

(c) "Proprietary Personnel Information" defined as the identity, position, territory, work history, qualifications, evaluations, and salary and benefits of current employees of the parties.

(d) Documents that were marked as "Attorney Eyes Only" and exchanged during the underlying litigation in Marshall County, Indiana, and still subject to that court's protective order.

11. As argued by Plaintiff in its Motion for Protective Order, harm could reasonably result from the disclosure of **ATTORNEYS' EYES ONLY** information to either the public or to opposing parties.

12. **CONFIDENTIAL** or **ATTORNEYS' EYES ONLY** information may be found in any document (whether in hard copy or digital form), deposition transcript, interrogatory

answer, response to a request for admission and/or production, or other information provided in this action or portion thereof.

13. **CONFIDENTIAL** or **ATTORNEYS' EYES ONLY** documents or information shall not be exhibited, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, other than in conjunction with this litigation. Except as provided for in this Protective Order, the parties shall keep all documents or information covered by the terms of this Protective Order from all persons.

14. Neither the receiving party nor its representatives shall disclose documents designated as **CONFIDENTIAL**, other than to the following persons:

(a) The parties' designated representatives or counsel in this action;

(b) Employees of the parties' counsel acting at the direction of counsel, and assigned to and necessary to assist such counsel in the preparation or trial of this action;

(c) Independent experts and consultants retained by any party who have executed the agreement found in Exhibit A and whose assistance is necessary for the preparation of trial of this specific action; and

(d) Witnesses for each party provided that such witnesses expressly agree to comply with the terms of this Protective Order and provided that such witnesses shall be allowed to review the **CONFIDENTIAL** documents or information, but shall not be provided with copies of the **CONFIDENTIAL** documents or information.

(e) The Court (including any agent of the Court) and any court reporter used during depositions.

The parties and their designated representatives will maintain the confidentiality associated with those documents designated as **CONFIDENTIAL** and will not disclose or otherwise share such information with anyone other than their designated counsel of record in this action at any time

either during the pendency of this action or subsequent to the conclusion of the litigation. To the extent **CONFIDENTIAL** documents are used as exhibits or attachments to any filing with the Court in the above-captioned litigation, the party so using the **CONFIDENTIAL** documents will file on the record the documents with the **CONFIDENTIAL** information redacted and will file the unredacted documents with the Court in a sealed envelope prominently marked with the caption and docket number of the case, a description of the contents of the envelope, the legend **"CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER,"** and a statement substantially in the following form:

> This envelope contains documents which were filed in this cause by [name of party] in conjunction with [name of pleading] (or for the purpose of trial), and is not to be opened, nor the contents to be displayed or revealed except by, or upon order of, the Court.

This notwithstanding any party wishing to file anything under seal must file a separate and specific motion for such protection as provided for by Local Rule 5-3. The motion will only be granted for good cause shown and if consistent with Seventh Circuit Court of Appeals case law regarding filing materials under seal.

15. Counsel for the receiving party shall not disclose documents designated as **ATTORNEYS' EYES ONLY** other than to the following persons:

  (a) Attorneys for the parties in this action, including in-house attorneys, and those assigned to and necessary to assist such counsel in the preparation or trial of this action, including their assistants, associates, paralegals, clerks, and stenographic personnel assigned to and necessary to assist such counsel in the preparation or trial of this action;

  (b) Independent experts and consultants retained by any party who have executed Exhibit A and whose assistance is necessary for the preparation of trial of this specific action;

  (c) Any party who appears as an author, addressee, or recipient on the

    face of the document; and

  (d)  The Court (including any agent of the Court) and any court reporter used during depositions.

To the extent an **"ATTORNEYS' EYES ONLY"** document is used as an exhibit or attachment to any filing with the Court in the above-captioned litigation, the party so using the document will file on the record documents with the **ATTORNEYS' EYES ONLY** information redacted and will file the un-redacted **ATTORNEYS' EYES ONLY** documents with the Court in a sealed envelope prominently marked with the caption and docket number of the case, a description of the contents of the envelope, the legend **"ATTORNEYS' EYES ONLY: SUBJECT TO PROTECTIVE ORDER,"** and a statement substantially in the following form:

> This envelope contains documents which were filed in this cause by [name of party] in conjunction with [name of pleading] (or for the purpose of trial), and is not to be opened, nor the contents to be displayed or revealed except by, or upon order of, the Court.

This notwithstanding any party wishing to file anything under seal must file a separate and specific motion for such protection as provided for by Local Rule 5-3. The motion will only be granted for good cause shown and if consistent with Seventh Circuit Court of Appeals case law regarding filing materials under seal.

  16. Counsel may orally describe to their clients, in a summary and general fashion only, the nature and type of any **ATTORNEYS' EYES ONLY** information received that is reasonably necessary to advise and counsel their client regarding strategy and settlement. Counsel may seek permission of counsel for the disclosing party to have particular **"ATTORNEYS' EYES ONLY"** documents or information presented to and/or viewed by a party's representatives. To do so, the requesting party must submit a verbal or written request that references the specific document(s) by a description sufficient to identify the document(s) the requesting party's counsel is seeking

permission to show his client(s).

In the event a dispute arises as a result of this procedure or as a result of any denial of a specific request, the parties shall confer and attempt to resolve such dispute. In the event a dispute cannot be resolved after the parties have met and conferred, the person or party challenging the confidentiality and/or disclosure of a particular document may submit that discovery dispute to the Court for consideration. Nothing in this Protective Order shall be construed as precluding a party from seeking additional protection from the Court against the disclosure or production of any other confidential information, including an order that such information not be disclosed or that it be disclosed only in a designated manner.

17. Nothing in this Protective Order precludes or limits a party from viewing its own confidential or attorneys eyes only documents.

18. The use of **CONFIDENTIAL** or **ATTORNEYS' EYES ONLY** documents or information at trial must be addressed at the final pretrial conference.

19. **CONFIDENTIAL** or **ATTORNEYS' EYES ONLY** documents or information subject to this Protective Order shall not be made public by counsel for the receiving party or divulged to anyone other than the persons entitled to access such information under paragraphs 14 and 15. Any such persons shall be advised of, and shall agree in writing to, the terms of this Protective Order. In the event that a non-party witness refuses to agree to be bound by this Protective Order, the parties will endeavor to resolve the issue among themselves.

20. This Protective Order shall not be construed as an admission: (i) that any material or document designated as confidential is, in fact, confidential; (ii) as to the correctness or truth of any allegation made or position taken relative to any matter designated as confidential; or (iii) with respect to the competency, relevance or materiality of any document or thing designated as

confidential. This Protective Order shall not be used for any evidentiary purpose other than in relation to the enforcement of its terms.

21. A party shall designate all other Confidential Information disclosed during any deposition in this matter as **"CONFIDENTIAL"** by notifying all parties in writing, within thirty days of receipt of the transcript, of the specific pages and lines of the transcript that contain Confidential Information. Each party shall attach a copy of such written notice to the face of the transcript and each copy thereof in its possession, custody, or control.

22. Nothing shall prevent disclosure beyond the terms of this Protective Order if any party expressly consents to such disclosure, either in writing or in the record of any proceeding in this litigation, or if the Court, after notice to all affected parties, orders such disclosure.

23. This Protective Order shall not prohibit disclosure of **CONFIDENTIAL** or **ATTORNEYS' EYES ONLY** documents or information to the Court or Court personnel (including any court for purposes of appellate review) at any time.

24. Any party and any interested member of the public can challenge the secreting of any particular documents. If a party or an interested member of the public makes such a challenge, the party who designated the material shall be allowed to oppose any such challenge. The party who designated the material shall bear the burden of proof to show that the material is entitled to protection.

25. In the event that a producing party discovers that **CONFIDENTIAL** or **ATTORNEYS' EYES ONLY** materials have been inadvertently produced without being marked with the appropriate designation, the producing party may thereafter notify the receiving party or parties and require the latter to retrieve and return any unmarked or incorrectly marked material and to substitute appropriately marked materials, provided (i) that the producing party has initially

taken reasonable measures to identify and designate such material, (ii) that the producing party notifies the receiving party or parties promptly after learning of such inadvertent failure, and (iii) that the amount of material as to which an assertion of inadvertent failure is made is reasonably small in amount. Upon receipt of such notification from the producing party, the receiving party or parties shall not thereafter disclose any such material or any information contained therein to any persons who are not entitled to receive such information as set forth above in Paragraphs 14 and 15. However, the receiving party or parties are not liable with respect to any prior disclosure or use of such material, so long as that disclosure was otherwise consistent with the terms of this Order.

26. The inadvertent production of any privileged or otherwise protected or exempted information shall not be deemed a waiver or impairment of any claim of privilege or protection including but not limited to the attorney-client privilege, work product doctrine, or the confidential nature of any such information, provided that the producing party shall promptly notify the receiving party and require the receiving party to retrieve and return any such material, and counsel shall not use such information for any purpose until further order of the Court. Any analyses, memoranda, or notes that were generated based upon such inadvertently-produced information must, from that point onward, be treated as if it had been properly designated.

27. Prior to the trial of this matter, the parties shall confer in good faith in an effort to reach agreement concerning a joint proposal to the Court with respect to the handling of **CONFIDENTIAL** or **ATTORNEYS' EYES ONLY** Materials at trial, and shall make such proposal no later than the final pre-trial conference in this case. If the parties are unable to reach agreement on this subject, each party may make its own submission to the Court no later than the final pretrial conference.

28. Within sixty days of the final conclusion of all aspects of this litigation, including any and all appeals the parties shall identify all persons to whom designated materials were produced, providing a copy of each executed undertaking and shall either (a) assemble and return to the person providing information designated as **CONFIDENTIAL** or **ATTORNEYS' EYES ONLY** all such material in his or her possession or (b) destroy all such material in his or her possession, delivering to the person providing such information a written certificate that he or she has complied with this Order. Notwithstanding the foregoing, at the close of the case, the parties may retain a copy of **CONFIDENTIAL** or **ATTORNEYS' EYES ONLY** that were filed with the Court, used at trial, or made an exhibit to a deposition so long as such documents are held in the strictest confidence and remain subject to the provisions of this Protective Order.

29. The restrictions embodied in this Protective Order shall be binding on the party to whom such **CONFIDENTIAL** or **ATTORNEYS' EYES ONLY** material is disclosed unless and until there is a showing that: (i) information which is so designated as confidential was or has become public knowledge absent a breach of the restrictions embodied herein, or (ii) such information was already known to the party to whom such disclosure was made through a third party who himself has not breached any confidential relationship that existed or exists between such third party and the party making the disclosure.

SO ORDERED this 20th day of October, 2014.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record

**Exhibit "A"**

**Written Acknowledgement of Protective Order**

_____ declares that:

I reside at _____ in the city of_____, county _____, state of _____;

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and believe I understand the terms of the Protective Order regarding Confidential Information, dated October 17, 2014, filed in Cause No.: 2:13-CV-424-PPS-PRC, pending in the United States District Court for the Northern District of Indiana. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any information, electronic or otherwise, documents, or copies of documents, designated "Confidential" or "Attorney Eyes Only" obtained pursuant to such Protective Order, or the contents of such documents and/or electronic information, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such information and/or documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than sixty days after final termination of this action, I shall return to the attorney from whom I have received any documents in my possession

designated "Confidential" or "Attorney Eyes Only," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Northern District of Indiana for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
            (Date)                                             (Signature)